SUMMARY ORDER
Philip A. Giordano appeals from the August 6, 2007, 2007 WL 2261684, ruling of the District Court, declining to alter his sentence after our remand pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir.2005). See United States v. Giordano, 442 F.3d 30 (2d Cir.2006).
The Appellant contends that the District Court committed a procedural error in the course of deciding, as required by the Crosby remand, whether it would have imposed a materially different sentence had it known that the Guidelines were not mandatory. The error is said to arise from the following portion of the Court’s written opinion declining to resentence:
The court is not persuaded otherwise by Giordano’s arguments in support of re-sentencing. Rather than providing the court with new mitigating circumstances that existed at the time of the original sentence, but were not available for consideration given the then-mandatory nature of the sentencing regime, Giordano essentially only argues that the harsh conditions of his confinement justify a lesser sentence. But, as the Second Circuit made clear, the court cannot consider such arguments in deciding whether or not to resentence a defendant. That decision must be based solely on the circumstances that existed at the time of the original sentence.
As the Appellant points out, however, Giordano’s counsel had argued at the time of the original sentencing that nearly all of Giordano’s pretrial detention had been served under harsh conditions, namely, solitary confinement for 23 hours of each day, and had at that time reasonably *753 predicted that such harsh conditions would continue because of both the nature of Giordano’s offenses and his cooperation with the Government. Thus, the Appellant is correct that the District Court mis-characterized the record in rejecting harsh conditions as a consideration that might justify a decision to resentence. Those conditions, both during pretrial detention and thereafter, as counsel reasonably predicted, were available to be considered on the Crosby remand.
Nevertheless, the Court’s misstatement does not undermine the Court’s conclusion not to resentence. The purpose of a Crosby remand is to afford a sentencing judge an opportunity to determine whether the original sentence would have been materially different if the judge had understood that the Guidelines were not then mandatory. But because the Government had made a § 5K1.1 motion for a departure based on Giordano’s cooperation, the District Judge already fully understood that he was not bound by the applicable sentencing guideline. As he explained:
In fact, by virtue of the government’s § 5K1.1 motion, the court was not bound by the Guidelines and Giordano’s sentence was considerably below the otherwise then-mandatory applicable Guidelines range of life imprisonment.... Thus, the court effectively treated the Guidelines as advisory and imposed a non-Guidelines sentence.
Not only was the District Court not bound by the applicable sentencing guideline in general, but, in particular, the mandatory nature of the Guidelines, at the time of the original sentencing, did not in any way preclude the District Court from considering harsh conditions of confinement in determining the extent of the departure it was willing to make, in light of the Government’s § 5K1.1 letter. Therefore, the change to a non-mandatory Guidelines regime did not enable the District Judge to consider harsh conditions of confinement in a way that had been prohibited at the time of the original sentence.
Moreover, at the time of the original sentencing, the District Court explicitly considered defense counsel’s forcefully presented argument concerning harsh conditions of confinement and declined to increase the extent of the departure on that basis. As the District Judge stated, “[T]he fact that he’s gonna spend a miserable future in prison does not move me. It doesn’t move me at all.”
Had the District Court concluded that the original sentence would have been materially different, a mischaracterization of the record might well have undermined the validity of any new sentence thereafter imposed. See, e.g., United States v. Rizzo, 349 F.3d 94 (2d Cir.2003) (remanding for resentencing because of a clearly erroneous finding). But on the narrow issue of whether to resentence, the Court’s failure to recall that harsh conditions of confinement had been argued at the original sentencing was irrelevant because the non-mandatory nature of the Guidelines did not alter the Court’s permissible consideration of that circumstance at the time of the original sentence. The mischaracterization of the record was thus irrelevant to the decision whether to resentence.
The Appellant also contends that the length of the 37-year sentence rendered it substantively unreasonable. We disagree. The District Court, having departed from the applicable guideline of life imprisonment, imposed a severe sentence in recognition of the outrageous nature of the defendant’s crimes and the fact that he had used the power of his office to facilitate his crimes. The sentence is surely at the upper end of the range of reasonableness for these offenses, but we cannot say that this range has been exceeded.
*754 The judgment of the District Court, declining to resentence the Defendant, is affirmed.