22-2008-cr
*United States of America v. Philip A. Giordano*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand twenty-three.

PRESENT:
>GUIDO CALABRESI,
>JOSÉ A. CABRANES,
>JOSEPH F. BIANCO,
>>*Circuit Judges*.

---

United States of America,

>*Appellee*,

>v.                                                                                    22-2008-cr

Guitana M. Jones, AKA GG, AKA Gigi,

>*Defendant*,

Philip A. Giordano,

>*Defendant-Appellant*.

---

FOR APPELLEE:                          Shan P. Patel, Robert S. Ruff (of counsel), Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

FOR DEFENDANT-APPELLANT: Sebastian O. DeSantis, DeSantis Law Firm, LLC, New Haven, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Philip A. Giordano appeals from the district court's order, entered on August 12, 2022, denying his motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Giordano, a lawyer and the former mayor of Waterbury, Connecticut, was convicted by a jury for numerous federal crimes related to Giordano's repeated sexual assaults of two underage girls. We assume the parties' familiarity with the underlying facts, the procedural history, and the arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

On January 16, 2003, a federal grand jury returned an eighteen-count superseding indictment charging Giordano with: (1) two counts of violating the civil rights of two minor victims under color of law, in violation of 18 U.S.C. § 242; (2) one count of conspiring to knowingly transmit the names of the two minor victims by using facilities and means of interstate commerce, with intent to entice, encourage, offer, and solicit criminal sexual activity, in violation of 18 U.S.C. §§ 371 and 2425; and (3) fifteen counts of transmitting via telephone the names of the minor victims with intent to entice, encourage, offer, and solicit illegal sexual activity, in violation of 18 U.S.C. § 2425. Giordano was tried before a jury and, on March 25, 2003, was

found guilty on all counts of the indictment except for one of the counts under Section 2425, as to which the jury returned no verdict.

On June 13, 2003, Giordano appeared before the district court for sentencing. During the sentencing proceeding, the district court calculated Giordano's offense level under the United States Sentencing Guidelines to be at level 43, resulting in a Guidelines sentencing range of life imprisonment, which was mandatory at the time absent any departures. The district court granted the government's motion for a downward departure, pursuant to Section 5K1.1 of the Guidelines, based on Giordano's initial cooperation with the government. As a result, the district court departed downward from the sentencing range prescribed by the Guidelines and imposed a total sentence of 444 months' imprisonment, followed by five years' supervised release.

This Court affirmed Giordano's conviction and sentence. *See United States v. Giordano*, 442 F.3d 30, 33 (2d Cir. 2006). However, following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which rendered the Guidelines advisory, we remanded the case pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). On remand, the district court considered "whether it would have imposed a materially different sentence, under the circumstances existing at the time of the original sentence" had the Guidelines been advisory at the time of Giordano's sentencing. *United States v. Giordano*, No. 3:01-cr-216 (AHN), 2007 WL 2261684, at *2 (D. Conn. Aug. 6, 2007). On reconsideration, the district court concluded that "the sentence imposed on Giordano would have been the same as originally imposed" had the Guidelines been merely advisory and, thus, resentencing was not required. *Id.* at *3. We affirmed the district court's decision. *See United States v. Giordano*, 340 F. App'x 751, 754 (2d Cir. 2009) (summary order).

On July 27, 2020, Giordano moved, *pro se*, for compassionate release pursuant to Section 3582(c)(1)(A). On August 12, 2022, the district court denied Giordano's motion. *See United States v. Giordano*, No. 3:01-cr-216 (SRU), 2022 WL 3347215, at *6 (D. Conn. Aug. 12, 2022). In particular, after reviewing the parties' submissions and considering the factors set forth in 18 U.S.C. § 3553(a), the district court stated that it could not "conclude that modification of [the 444-month] sentence—of which Giordano has served slightly more than half—[was] warranted at [that] time," and thus did not need to "consider whether extraordinary and compelling reasons for modification [were] present." *Id*. at *6. Now represented by counsel, Giordano has appealed that decision.

Section 3582(c)(1)(A), as amended by the First Step Act, provides that a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). We have emphasized that district courts have broad discretion in evaluating whether an inmate has presented extraordinary and compelling circumstances for release. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). However, even if an inmate demonstrates extraordinary and compelling circumstances, the district court must consider whether release is consistent with the factors set forth in Section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a). "Thus, extraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam). In other words, even if "the existence of extraordinary and compelling circumstances warrant[s] release[,] . . . a district court's 'reasonable evaluation of the Section 3553(a) factors' is 'an alternative and *independent* basis for

denial of compassionate release.'" *Id.* (emphasis added) (quoting *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021) (summary order)). Accordingly, a district court may deny a motion for compassionate release in "sole reliance" on the Section 3553(a) factors, without determining "whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam) (footnote omitted).

"We review the denial of a motion for compassionate release for abuse of discretion." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (per curiam). A "district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks and citation omitted). "[O]nce we are sure that the sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008).

On appeal, Giordano argues that the district court abused its discretion in denying his motion for compassionate release where he presented extraordinary circumstances for release, including "severe health concerns, his age, rehabilitation, [and] family circumstances," as well as the higher sentence he claims to have received as a result of going to trial. Appellant's Br. at 1. As set forth below, we disagree and conclude that the district court acted well within its discretion in denying the motion, regardless of any extraordinary and compelling reasons for release, based upon its independent evaluation of the Section 3553(a) factors at the time of Giordano's motion.

In exercising its discretion, the district court carefully considered, and thoroughly discussed, Giordano's arguments for a reduced sentence in the context of the applicable Section 3553(a) factors. For example, with respect to "the nature and circumstances of the offense" and "the need for the sentence . . . to reflect the seriousness of the offense," 18 U.S.C. § 3553(a)(1)–(2)(A), the district court emphasized that "[t]he offense conduct at issue here—which involved the repeated sexual abuse of two minors—was extremely serious" and "the harm that Giordano caused to both his victims was both serious and lasting," *Giordano*, 2022 WL 3347215, at *4. The district court further noted that, because "Giordano invoked the real or apparent power of his office to make the continuing sexual abuse possible, . . . the circumstances of the offense [were] that much more egregious." *Id*. (internal quotation marks and citation omitted).

In evaluating Giordano's history and characteristics, *see* 18 U.S.C. § 3553(a)(1), the district court explicitly considered the "extensive evidence of his progress toward rehabilitation while incarcerated," including his rigorous work schedule, the legal assistance he has offered to other incarcerated individuals, the classes he has voluntarily taught at night, and the programming he enrolled in while incarcerated. *Giordano*, 2022 WL 3347215, at *5. However, the district then explained why it did not attach significant weight to that evidence. *Id.* More specifically, the district court noted that Giordano's pattern of disciplinary infractions while in custody, the most recent being from 2020, as well as the offense conduct that gave rise to those infractions—which included repeatedly accepting money from other incarcerated individuals in exchange for legal services, as well as other sanctionable acts—"undermine[d] the credibility of Giordano's claims regarding his progress toward rehabilitation." *Id*. (footnote omitted).

6

Similarly, with respect to the public safety factor, *see* 18 U.S.C. § 3553(a)(2)(C), the district court acknowledged that Giordano had been deemed to pose a low risk of recidivism by a probation officer in connection with his state parole hearing, as well as the Bureau of Prisons, which the district court characterized as "undoubtedly encouraging." *Giordano*, 2022 WL 3347215, at *5. However, the district court further explained why this factor still did not support release:

> Giordano does not expressly address the conduct at issue in the underlying crimes in his litany of filings, and though he notes in passing his remorse for causing harm to his minor victims, the bulk of his submissions address the effect of his conviction and incarceration on his own life and his own family. Though I do not discount the impact of a lengthy term of incarceration on Giordano or his loved ones, particularly during the Covid-19 pandemic, his failure to acknowledge the harm his actions caused does not jibe with his claim that he would pose no danger to the public were his sentence to be reduced to time-served.

*Id*. (internal citations omitted).

Finally, as to "the need to avoiding unwarranted sentence disparities," 18 U.S.C. § 3553(a)(6), the district court noted that Giordano's sentence is "undoubtedly very harsh," but that this was "not a situation where a pre-*Booker* mandatory Guidelines range tied the hands of a sentencing judge in considering the appropriate sentence to impose, or resulted in a sentence much more severe than might have been imposed if the Guidelines had been discretionary." *Giordano*, 2022 WL 3347215, at *5. Instead, the sentencing judge "carefully considered Giordano's sentence not once but twice—at the time he imposed the original sentence and then again following a remand pursuant to *Crosby*." *Id*.

Therefore, it is clear from a review of the district court's thorough and well-reasoned decision that it properly considered the Section 3553(a) factors at the time of the motion and,

7

notwithstanding Giordano's arguments for a reduced sentence, reasonably determined in its discretion that a balancing of the Section 3553(a) factors warranted a denial of his motion. Giordano argues that the district court "abused its discretion by giving too much weight to severity and seriousness of the offense and [his] criminal history," Appellant's Br. at 24, and also challenges its weighing of the other Section 3553(a) factors based on the mitigating information he offered in support of his motion. However, Giordano's disagreement with the district court's balancing of the Section 3553(a) factors in denying his motion does not provide a basis to disturb the district court's proper exercise of its discretion. *See United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (holding that we do not require "that a particular factor be given determinative or dispositive weight" because "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge" (internal quotation marks and citation omitted)); *United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022) (per curiam) ("That the district court gave greater weight to [the] unchanged factors [from the original sentence] than to the changed circumstances on which [the movant] relies does not mean that the court failed to consider the latter.").

In sum, the district court's determination, after balancing the relevant Section 3553(a) factors, was well "within the range of permissible decisions," *Borden*, 564 F.3d at 104 (internal quotation marks and citation omitted), and thus the district court did not abuse its discretion in finding that Giordano was not entitled to compassionate release.

*             *             *

8

We have considered Giordano's remaining arguments and find them to be without merit.

For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court